## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**TAREQ JABR,**

        **Plaintiff,**

    **v.**                        **Civil Action 2:25-cv-726**
                                        **Judge Algenon L. Marbley**
                                        **Magistrate Judge Chelsey M. Vascura**

**DEPT. OF TAXATION,** *et al.*,

        **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Tareq Jabr, an Ohio resident proceeding without the assistance of counsel, sues several government agencies for violations of his federal constitutional rights. Plaintiff has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF No. 1-2) as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons below, the undersigned **RECOMMENDS** that the Court **DISMISS** this action under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

## I.      STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to

"lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In

doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the

statute, which provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
>      (i) is frivolous or malicious; [or]
>
>      (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte*

dismissal of an action upon the Court's determination that the action is frivolous or malicious, or

upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the

basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual

2

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.    ANALYSIS

Plaintiff alleges that Defendants (the Ohio Department of Taxation, the Drug and Enforcement Agency, the State of Ohio, the Ohio Bureau of Criminal Investigation, and the City of Columbus) deprived Plaintiff of an unspecified "right secured by the Federal Constitution Laws." (Compl. 3, ECF No. 1-2.) Defendants allegedly did so by opening "illegal cases" involving surveillance (in the form of "GPS, motion sensors, robotic cats, dogs, sensors that seen

3

us . . . in the nude, illegal cameras, phone line taps, spying") on Plaintiff and his wife. (*Id.* at 4.) Plaintiff alleges that he has suffered serious health problems, including heart attacks and knee surgery, as a result of these open cases. As relief, Plaintiff seeks the closure of all "open status cases on Plaintiff, Tareq Jabr, as a matter of laws," the institution of criminal charges against all Defendants, and $20 million in damages. (*Id.* at 3–5.)

The undersigned construes Plaintiff's Complaint to advance a claim under 42 U.S.C. § 1983 for violation of Plaintiff's Fourth Amendment right to be free from unreasonable searches. To succeed on a claim under § 1983, Plaintiff must plead two elements: that he was (1) "deprived of a right secured by the Constitution or laws of the United States," and (2) "that such deprivation was caused by a person acting under color of state law." *Littler v. Ohio Ass'n of Pub. Sch. Emps.*, 88 F.4th 1176, 1180 (6th Cir. 2023) (cleaned up). Plaintiff's claim fails to satisfy the first element because he has not alleged a plausible Fourth Amendment violation.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. And it is true that, in the absence of a warrant, exigent circumstances, or the consent of the occupant, "searches and seizures inside a home without a warrant are presumptively unreasonable." *Groh v. Ramirez*, 540 U.S. 551, 559 (2004). But there are many circumstances—such as a search conducted pursuant to a valid warrant—in which surveillance is permitted by the Fourth Amendment. *See*, *e.g.*, *United States v. Bailey*, 628 F.2d 938, 947 (6th Cir. 1980). Plaintiff must therefore explain how the surveillance directed at him was unlawful.

Plaintiff has not done so. He has not alleged the absence of warrant or any other circumstance that would make the alleged surveillance unreasonable. Indeed, he has alleged

4

nothing more than that the surveillance was "illegal." Plaintiff's conclusory and unsupported allegations are precisely the kind of "naked assertion[s] devoid of further factual enhancement" that do not suffice under *Iqbal*. *See* 556 U.S. at 678. Plaintiff's Complaint must therefore be dismissed.

### III. DISPOSITION

For these reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. The undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE