**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| TAREQ JABR, | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:25-cv-726** |
| | : | |
| v. | : | **Judge Algenon L. Marbley** |
| | : | |
| DEPT. OF TAXATION, *et al.*, | : | **Magistrate Judge Chelsey M. Vascura** |
| *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

Before this Court are the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 5), Plaintiff Tareq Jabr's Objections to the R&R (ECF No. 3), and the following motions:

- Plaintiff's Motion for Default Judgment against Department of Taxation, DEA Office, State of Ohio, and BCI Office (ECF No. 6);

- Plaintiff's Motion to Compel the Default Judgment (ECF No. 7);

- Plaintiff's Motion to Compel, All Defs, Insurance Companies, as a Matter of Laws (ECF No. 8);

- Plaintiff's Motion to Suppress (ECF No. 9);

- Plaintiff's Motion to Expedite (ECF No. 10); and

- Plaintiff's Motion to Stay (ECF No. 11).

In her Report and Recommendation, the Magistrate Judge recommended that this Court dismiss Plaintiff's Complaint under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted. (ECF No. 3 at 1). For the reasons that follow, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 3) and **OVERRULES** Plaintiff's Objections.

1

(ECF No. 5). All other pending Motions (ECF Nos. 6, 7, 8, 9, 10, 11) are **DENIED as MOOT** and Plaintiff's Complaint (ECF No. 2) is **DISMISSED.**

## I.    BACKGROUND

Plaintiff, proceeding *in forma pauperis* and without the assistance of counsel, filed his Complaint on July 11, 2025. (ECF No. 2). Plaintiff seemingly seeks relief under 42 U.S.C. § 1983, alleging that Defendants violated "a right secured by the federal constitution" by "refusing to close open status cases" on him. (ECF No. 2 at 3). He contends that Defendants caused him serious injuries such as heart attacks, heart procedures, and left knee surgery. (*Id.* at 3–4). Plaintiff also alleges Defendants conducted surveillance on his family via "GPS, motion sensors, robotic cats, dogs, sensors that seen us . . . in the nude, illegal cameras, phone line taps, [and] spying." (*Id.* at 4). Plaintiff names the Ohio Department of Taxation, the DEA, the State of Ohio, Ohio BCI, and the City of Columbus & Zoning as Defendants. (*Id.* at 3). For relief, Plaintiff requests criminal charges be brought against all Defendants, for the "open cases" to be closed, and $20 million in damages. (*Id.* at 3–4).

In the Report and Recommendation, the Magistrate Judge construed Plaintiff's Complaint as asserting a Section 1983 claim in violation of the Fourth Amendment. (ECF No. 3 at 3).The Magistrate Judge noted that Plaintiff failed to allege a plausible Fourth Amendment violation as he did not allege how the alleged surveillance directed at him was unlawful. Plaintiff merely stated the surveillance was "illegal" and did not allege that the Defendnats lacked a warrant or conducted unreasonable surveillance. (*Id.* at 4–5).

On July 21, 2025, Plaintiff timely filed objections. (ECF No. 5). This Court will now address Plaintiff's objections in turn below.

2

## II.    STANDARD OF REVIEW

When reviewing a party's objections to a Report and Recommendation, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In so doing, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." *Id.*

When a plaintiff proceeds *in forma pauperis*, "the court shall dismiss" his complaint or any portion of it that: "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2). To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

3

Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Thus, to survive screening, a complaint must contain sufficient facts which, if accepted as true, would plausibly state a claim upon which relief may be granted.

## III.    LAW AND ANALYSIS

In his objections Plaintiff first invokes the Civil Rights Act of 1964 and the Americans with Disabilities Act. (ECF No. 5 at 1). To the extent that Plaintiff seeks to introduce new claims in his objections, such claims are barred as they needed to be stated in his Complaint. *Meddaugh v. Gateway Fin. Serv.*, 601 F. Supp. 3d 210, 213 (E.D. Mich. 2022) ("Parties cannot 'raise at the district court stage new arguments or issues that were not presented' before the magistrate judge's final R&R.").

Plaintiff next argues that under *Ex parte Young*, Defendants are not immune from his lawsuit. (ECF No. 5 at 2). *Ex parte Young* stands for the proposition that state officials are not

4

immune from suits for prospective injunctive relief. *Durden v. Erway*, 2025 WL 836008, at *4 (W.D. Mich. Mar. 18, 2025) (citing *Ex parte Young*, 209 U.S. 123, 159–60 (1908)). Here, however, Plaintiff fails to name a state official and does not allege an bngoing violation of federal law that would be remedied by prospective relief . Accordingly, his claims are not actionable under Section 1983. *See id.* Although Plaintiff does request that Defendants close the "open cases" against him, as mentioned in the Magistrate Judge's R&R, he does not state any claim with particularity. Plaintiff has not alleged the who, what, how, and when of his allegations. Given that Plaintiff merely restates the same allegations from his Complaint here, his objections are overruled. *Reitz v. McKay*, 2014 WL 6770139, at *1 (S.D. Ohio Dec. 1, 2014) (citing *Howard v. Sec. of Health and Human Servs.*, 932 F.2d 505, 508–09 (6th Cir.1991) ("Plaintiff's 'objection' cannot be construed as anything other than a general objection, which does not suffice to preserve issues for appeal.").

Finally, and most devastating to Plaintiff's claims is the two-year statute of limitations for Section 1983 claims as set by Ohio law. *Browning v. Pendelton*, 869 F.2d 989, 992 (6th Cir. 1989). While Ohio law determines the statute of limitations, federal law determines the date of accrual. *Ruiz-Bueno v. Maxim HealthCare Servs.*, 659 Fed. App'x 830, 833 (6th Cir. 2016). The statute of limitations begins to run when a person "knows or has reason to know that the act providing the basis of her injury has occurred." *Ruiz-Bueno*, 659 F. App'x at 833. In his objections, Plaintiff attached an email from an agent with the Ohio Department of Taxation indicating that Plaintiff was in contact with the Department regarding the investigation into him and received a copy of the search warrant obtained by the Department in 2015. (ECF No. 5 at 23). As such Plaintiff's knowledge of the investigation and alleged illegal surveillance into him dated at least as far back

as 2015. (*Id.*). Thus, the accrual date of the alleged violations began in 2015, making Plaintiff's complaint that was filed in 2025, well beyond the two-year statute of limitations.

Accordingly, this Court **OVERRULES** Plaintiff's Objections to the Report & Recommendation.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 4) are **OVERRULED**. This Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation. (ECF No. 3). All other pending Motions (ECF Nos. 6, 7, 8, 9, 10, 11) are **DENIED as MOOT**. This case is hereby **DISMISSED.**

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**

DATED: **May 1, 2026**                **UNITED STATES DISTRICT JUDGE**

6