**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TAREQ JABR,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:25-cv-726** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **DEPT. OF TAXATION, *et al.*,** | : | **Magistrate Judge Chelsey M. Vascura** |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter is before this Court on a *sua sponte* consideration of whether Plaintiff Tareq Jabr should be deemed a vexatious litigator, and on Plaintiff's post-judgment motions. (ECF Nos. 14, 16–21). Plaintiff has filed an extensive number of repetitive and unnecessary pleadings and other papers in his various cases before this Court, and he has shown a willingness to file baseless motions that strain judicial resources. For the reasons set forth below, this Court therefore finds it appropriate to declare Plaintiff a vexatious litigator. For the reasons set forth below, Plaintiff's Motion for Reconsideration (ECF No. 14), as supplemented by his letter (ECF No. 15), is **DENIED**, his remaining post-judgment motions (ECF Nos. 16–21) are **DENIED as moot**, and Plaintiff is subject to the filing restrictions incorporated herein.

## I. BACKGROUND

### A. Procedural Background

Plaintiff Tareq Jabr, proceeding *pro se*, filed this action on June 30, 2025, together with a motion for leave to proceed *in forma pauperis*. (ECF No. 1). His Complaint names five Defendants: the Ohio Department of Taxation, the "DEA Office," the State of Ohio, the Ohio Bureau of Criminal Investigation, and the City of Columbus. (ECF No. 1-2 at 1). Plaintiff alleges

that Defendants opened "illegal cases" against him and placed him and his wife under surveillance, including through "illegal GPS motion [sensors], [cameras], robotic cats and dogs. Also drones." (ECF No. 1-1 at 6). He seeks closure of all "open status cases on Tareq Jabr, by law," criminal charges against every Defendant, and $20 million in damages. (*Id.* at 5).

On July 11, 2025, the Magistrate Judge granted Plaintiff leave to proceed *in forma pauperis* and screened the Complaint under 28 U.S.C. § 1915(e)(2). (ECF No. 3 at 1). She construed the Complaint as asserting a Fourth Amendment claim under 42 U.S.C. § 1983. She found that Plaintiff had not alleged "the absence of warrant or any other circumstance that would make the alleged surveillance unreasonable," and she recommended dismissal for failure to state a claim. (*Id.* at 1, 4). Plaintiff objected. (ECF No. 5).

While the Report and Recommendation was pending, Plaintiff filed six motions:

- a Motion for Default Judgment against the Department of Taxation, the DEA Office, the State of Ohio, and the BCI Office (ECF No. 6);
- a Motion to Compel the Default Judgment Motion and Relief (ECF No. 7);
- a Motion to Compel directed at "All Defs, Insurance Companies" (ECF No. 8);
- a Motion to Suppress (ECF No. 9);
- a Motion to Expedite (ECF No. 10); and
- a Motion to Stay (ECF No. 11).

The docket reflects no service on any Defendant, and no Defendant has appeared.

On May 1, 2026, this Court overruled Plaintiff's Objections, adopted the Report and Recommendation, denied the six pending motions as moot, and dismissed the action. (ECF No. 12 at 1, 6). This Court made three findings:

(1) Plaintiff named no state official and alleged no ongoing violation of federal law that prospective relief could remedy, so his claims were not actionable under § 1983. (*Id.* at 5).

(2) Plaintiff had not alleged "the who, what, how, and when of his allegations," and his Objections "merely restate[d] the same allegations from his Complaint." (*Id.* at 5).

(3) The claims were untimely. Plaintiff attached to his Objections an email from a Department of Taxation agent. (*Id.* at 5). It showed that he had been in contact with the Department about its investigation and had received a copy of the search warrant the Department obtained in 2015. (*Id.*). His knowledge of the alleged surveillance therefore dated "at least as far back as 2015," well outside the two-year limitations period. (*Id.* at 5–6 (citing ECF No. 5 at 23)).

The Clerk entered judgment the same day. (ECF No. 13).

Plaintiff continued to file. Six days after judgment, he moved for reconsideration. (ECF No. 14). He then submitted a letter. (ECF No. 15). Over the next four months, he filed six more motions in this closed case:

- a Motion for a Restraining Order and protective order against all Defendants (ECF No. 16);
- a Motion to Expedite and for a Status Conference and Settlement Hearing (ECF No. 17);
- a Motion to Unseal Warrants (ECF No. 18);
- a second Motion to Suppress (ECF No. 19);
- a Motion to Compel (ECF No. 20); and
- a Motion to Strike and Suppress All Illegal Actions on Tareq Jabr (ECF No. 21).

In all, Plaintiff has filed thirteen motions in an action that never advanced past initial screening. (*See* ECF Nos. 6–11, 14, 16–21).

### B. Plaintiff's Litigation History

This is the fourth action Plaintiff has filed in this Court since 2017. Each names the Ohio Department of Taxation as a Defendant. Each complains, at least in part, of a criminal investigation that the Department's Criminal Investigation Division conducted into Plaintiff in 2015. And each was dismissed at the initial screening stage. Because Plaintiff proceeds *pro se*, this Court provides case numbers for each action.

***Jabr I.*** In January 2017, Plaintiff and his wife sued Ohio Attorney General Mike DeWine, three Assistant Attorneys General, the Ohio Department of Taxation, and the Ohio Department of Job and Family Services under 42 U.S.C. § 1983. *Jabr v. Ohio Att'y Gen.*, No. 2:17-cv-18 (S.D. Ohio). Plaintiff alleged that the Department of Taxation falsely accused him of selling tobacco without paying tax, and that he had been ill since late August 2015 as a result. (*Jabr I*, ECF No. 1-1 at 3). He also alleged that the Department of Job and Family Services was improperly deducting child support from his disability benefits. (*Jabr I*, ECF No. 1-2 at 1). The Magistrate Judge recommended dismissal under the *Rooker-Feldman* doctrine, on the grounds that a litigant cannot collaterally attack a state-court judgment through a civil rights complaint in federal court. (*Jabr I*, ECF No. 2 at 3). This Court adopted that recommendation. (*Jabr I*, ECF No. 7 at 1). It also agreed with the Magistrate Judge's ancillary reasons for dismissal: the Eleventh Amendment barred the claims against the two state departments, and Plaintiff could not seek damages from state officials sued in their official capacities. (*Id.* at 3).

***Jabr II.*** In August 2023, Plaintiff sued the Department of Taxation, the State of Ohio, Attorney General Dave Yost, the Bureau of Criminal Investigation, and the City of Columbus.

*Jabr v. Ohio Dep't of Taxation*, No. 2:23-cv-2651 (S.D. Ohio). He alleged that the Department violated his Fourth Amendment rights through "illegal cameras" and "listen[ing] devices," that its application for a GPS device was "a hoax," and that the case against him remained "in illegal open status till now and ongoing." (*Jabr II*, ECF No. 1-1 at 3). He sought an order to "close all these illegal cases" and $10 million in damages. (*Id.* at 5). On October 16, 2023, Judge Graham adopted the Magistrate Judge's recommendation and dismissed the complaint. (*Jabr II*, ECF No. 6 at 2). Judge Graham held that the State and its agencies were immune under the Eleventh Amendment. (*Id.*). He also held that the complaint identified no state official committing a continuing violation, alleged no personal involvement by Attorney General Yost, and identified no municipal policy or custom. (*Jabr II*, ECF No. 6 at 1–2). The next day, Plaintiff filed an objection to that order, in which he stated that he would go to the Bar to have the "[j]udges in this case [d]isbarred." (*Jabr II*, ECF No. 9 at 1–2).

Plaintiff appealed Judge Graham's October 16, 2023, order dismissing his complaint for failure to state a claim. (*Jabr II*, ECF No. 12; see ECF No. 6 at 2). The Sixth Circuit denied him leave to proceed *in forma pauperis* on appeal. (*Jabr II*, ECF No. 16). He later paid the appellate filing fee. (No. 23-3881, Doc. 20). While the appeal was pending, he filed ten motions in the Sixth Circuit. (No. 23-3881, Docs. 7, 14, 18, 23–27, 29, 30). They included motions for default judgment, for a writ of mandamus to compel the defendants to "fully cooperate in this suit," and for a "perem[p]tory writ" compelling the court to act against the defendants. *Jabr v. Ohio Dep't of Taxation*, No. 23-3881, Doc. 31-1 at 1 (6th Cir. June 20, 2025), *cert. denied*, No. 25-6081 (U.S. Jan. 20, 2026). He also moved in this Court to compel relief in the closed case, and Judge Graham denied that motion. (*Jabr II*, ECF Nos. 18, 19). The Sixth Circuit denied every pending motion

and affirmed, holding that Plaintiff had "forfeited appellate review." *Jabr*, No. 23-3881, Doc. 31-1 at 1, 3.

***Jabr III.*** On July 1, 2024, while the *Jabr II* appeal was pending, Plaintiff sued the Department of Taxation again, along with the State of Ohio and Attorney General Yost, BCI Superintendent Bruce Pijanowski, and Chief of Police Elaine Bryant. *Jabr v. Ohio Dep't of Taxation*, No. 2:24-cv-3580 (S.D. Ohio). He attached an April 14, 2015, state-court entry that authorized the Department's Criminal Investigation Division to install a tracking device on his vehicle in an investigation of possible violations of O.R.C. 5743.60, which prohibits distributing tobacco products with intent to avoid payment of tax. (*Jabr III*, ECF No. 1-1 at 5–6). He asserted claims under the Americans with Disabilities Act, 8 U.S.C. § 1324c, and state defamation law, and demanded $200 million. (*Id.* at 4).

The Magistrate Judge recommended dismissal. (*Jabr III*, ECF No. 6 at 1). Plaintiff objected that the recommendation was "totally unacceptable" and that the Magistrate Judge "should step down and recuse herself as a matter of laws." (*Jabr III*, ECF No. 11 at 2 (quoting ECF No. 8 at 1)).

On September 4, 2024, Judge Graham adopted the following conclusions of the Magistrate Judge:

- sovereign immunity barred the official-capacity claims;
- the ADA and § 1324c claims failed to state a claim; and
- this Court lacked diversity jurisdiction over the defamation claims, both because Plaintiff and the individual Defendants were all Ohio citizens and because the $200 million demand was "so excessive that it lacks good faith." (*Id.* at 2).

Judge Graham further found that:

- the defamation claim Plaintiff pressed in his objection was "frivolous";
- Plaintiff was not entitled to default judgment, because he had never properly served any Defendant; and
- his request for recusal was "without merit." (*Id.* at 3–4).

***This Action.*** Ten days after the Sixth Circuit's decision in *Jabr II*, Plaintiff filed this action, again naming the Department of Taxation, the State of Ohio, and the Bureau of Criminal Investigation, along with the City of Columbus and the "DEA Office." (ECF No. 1-2). The complaint form directs a plaintiff who "ha[s] been a Plaintiff in a lawsuit" to list "each lawsuit." Plaintiff wrote "NONE" and signed the form under penalty of perjury. (*Id.* at 4). His earlier complaints were similarly incomplete. In *Jabr II* he left the section blank. In *Jabr III* he listed only the Sixth Circuit appeal. (*Jabr II*, ECF No. 1-1 at 5; *Jabr III*, ECF No. 1-1 at 4). In August 2025, while this action was pending, Plaintiff petitioned the U.S. Supreme Court for certiorari in *Jabr II*, which was denied on January 20, 2026. (*Jabr II,* ECF Nos. 22, 23).

## II. LAW & ANALYSIS

### A. Plaintiff's Motion for Reconsideration

Six days after judgment was entered, Plaintiff moved this Court to reconsider and vacate its May 1, 2026, Opinion and Order. (ECF No. 14 at 1). He invoked both Federal Rule of Civil Procedure 59(e) and Rule 60(b)(1). (*Id.* at 2, 4). A district court may grant a Rule 59(e) motion only to correct a clear error of law, account for newly discovered evidence, accommodate an intervening change in controlling law, or otherwise prevent manifest injustice. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). Rule 59(e) "is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Rule 60(b)(1) permits relief from a final judgment for "mistake,

inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A "mistake" under that Rule includes a judge's error of law. *Kemp v. United States*, 596 U.S. 528, 534 (2022).

Plaintiff's motion satisfies neither rule. Most of the motion repeats the allegations of his Complaint. He again asserts that he was falsely accused of selling tobacco without paying tax, that Defendants continue to surveil him through GPS devices and motion sensors, and that the case against him remains "in illegal open status, till now and ongoing." (ECF No. 14 at 2–3). Restating allegations that this Court has already found insufficient does not identify a clear error of law or a mistake. *See Sault Ste. Marie Tribe*, 146 F.3d at 374. Plaintiff again relies on *Ex parte Young*, 209 U.S. 123 (1908). (ECF No. 14 at 3). This Court already explained that the exception does not apply because Plaintiff names no state official and alleges no ongoing violation of federal law that prospective relief could remedy. (ECF No. 12 at 5).

Plaintiff's only new legal argument is that tax matters, including tax fraud, are not subject to a statute of limitations. (ECF No. 14 at 3–4). That argument misreads the basis for dismissal. Whatever limitations period governs the State's investigation or prosecution of tax offenses, the question before this Court was whether Plaintiff's own § 1983 claims were timely. Those claims are governed by Ohio's two-year limitations period, and they accrued when Plaintiff knew of the alleged surveillance, "at least as far back as 2015." (ECF No. 12 at 5–6). The motion does not dispute that Plaintiff knew of the investigation in 2015. Indeed, one of the affidavits attached to the motion asserts that the case against him has been open since March 4, 2015. (ECF No. 14 at 6).

Nor does Plaintiff present newly discovered evidence. He attached two affidavits and a physician's letter. (*Id.* at 5–7). The first affidavit is the same as the June 27, 2025 affidavit he attached to his Complaint. (*Compare id.* at 5, *with* ECF No. 1-2 at 6). The second repeats his

assertions that he is innocent of any wrongdoing and that Defendants continue to surveil him. (ECF No. 14 at 6). The physician's letter, dated March 11, 2026, describes Plaintiff's medical conditions. (*Id.* at 7). That letter predates this Court's judgment. Neither it nor the affidavits bears on the grounds for dismissal: the failure to state a plausible claim against a proper defendant, and the statute of limitations.

Plaintiff's remaining requests fare no better. He asks this Court to impose prison sentences of eight to twelve years on Defendants' employees under 18 U.S.C. §§ 241, 242, 248, and 249. (ECF No. 14 at 3). He also asks this Court to compel several individual agents and officers, none of whom is a party to this action. (*Id.*). Those criminal statutes do not create a private right of action. *See Booth v. Henson*, 290 F. App'x 919, 921 (6th Cir. 2008). "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Plaintiff also cites *Marbury v. Madison*, 5 U.S. 137 (1803) as authority for reconsideration, noting that it "established Judicial Review." (ECF No. 14 at 1). This Court's power of judicial review is not in dispute. *Marbury* does not show that this Court erred in dismissing Plaintiff's claims.

Five days after filing his motion, Plaintiff submitted a letter addressed to Chief Judge Sarah D. Morrison, with a request that copies be given to this Court and the Magistrate Judge. (ECF No. 15 at 1). The letter states that "Judge Marbley needs to open case, ASAP." (*Id.*). It argues that 26 U.S.C. § 6501(c) imposes no statute of limitations on investigations into tax evasion, including unpaid tobacco taxes. (*Id.*). It also asserts that Defendants "never answered" his motions. (*Id.*). This Court construes the letter as a supplement to Plaintiff's Motion for Reconsideration, and it does not change the result. Section 6501(c) allows federal tax to be assessed at any time in cases of fraud. *See* 26 U.S.C. § 6501(c)(1). It says nothing about the time

within which Plaintiff may bring a § 1983 claim, which remains governed by Ohio's two-year limitations period. (ECF No. 12 at 5). Defendants were never served, so they had no obligation to answer the Complaint or respond to Plaintiff's motions. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

Plaintiff has not shown a clear error of law, newly discovered evidence, an intervening change in controlling law, or manifest injustice under Rule 59(e). He has not shown mistake, inadvertence, surprise, or excusable neglect under Rule 60(b)(1). Plaintiff's Motion for Reconsideration (ECF No. 14), as supplemented by his letter (ECF No. 15), is therefore **DENIED**.

### B. Plaintiff's Remaining Post-Judgment Motions

This action has been dismissed, judgment has been entered, and Plaintiff's motion to alter that judgment is denied. No claim remains to which Plaintiff's post-judgment motions could attach. Plaintiff's motions (ECF Nos. 16, 17, 18, 19, 20, 21) are therefore **DENIED as moot**.

### C. Filing Restrictions

Federal courts have long recognized "their own inherent power and constitutional obligation to protect themselves from conduct that impedes their ability to perform their Article III functions and to prevent litigants from encroaching on judicial resources that are legitimately needed by others." *Johnson v. Univ. Housing*, 2007 WL 4303728, at *12 (S.D. Ohio Dec. 10, 2007) (citing *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc)). One such protection is the ability to impose prefiling restrictions on vexatious litigators. *See, e.g., Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (citing *Abdullah v. Gatto*, 773 F.2d 487, 488 (2d Cir. 1985) (per curiam); *In re Green*, 669 F.2d 779, 785–86 (D.C. Cir. 1981) (per curiam)); *United States ex rel. Odish v. Northrop Grumman Corp.*, 843 F. App'x 748, 750 (6th Cir. 2021) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious

litigation." (quoting *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998))). Plaintiff's litigation history warrants that protection here. He has filed four actions in this Court complaining of the same 2015 investigation, each dismissed at the initial screening stage, and he has filed thirteen motions in this action alone, seven of them after judgment. While this Court interprets *pro se* pleadings and filings liberally, "the lenient treatment . . . has limits." *Farah v. Wellington*, 295 F. App'x 743, 748 (6th Cir. 2008).

In light of this history, this Court finds it appropriate to limit Plaintiff's filings. As to new civil cases before this Court or filings in his existing cases before this Court, Mr. Jabr must either: (1) retain counsel to support him in any future litigation endeavors; or (2) submit a statement from an attorney licensed to practice in this Court or the State of Ohio certifying that there is a good faith basis for the action or paper Mr. Jabr seeks to file. *See, e.g., United States v. Scherer*, 2022 WL 16925825, at *7 (S.D. Ohio Nov. 14, 2022) (Marbley, J.), *reconsideration denied*, 2023 WL 4545932 (S.D. Ohio July 13, 2023); *Jabbar v. Graham*, 2021 WL 4745717, at *3 (S.D. Ohio Oct. 12, 2021), *aff'd*, 2023 WL 3151131 (6th Cir. Mar. 17, 2023). In the event Mr. Jabr files any new action in a state court that is subsequently removed to federal court, he must comply with these same restrictions and within 30 days following removal submit a certification in the removed case stating that he has complied with the restrictions. *Jabbar*, 2021 WL 4745717, at *3. Requiring Mr. Jabr to follow these procedures does not mean that he will be unable to defend himself, nor does it violate his constitutional rights. Mr. Jabr retains his due process rights to be heard and to access this Court by acting pursuant to established procedures, as is consistent with this Court's precedent for prolific litigators. *See Scherer*, 2022 WL 16925825, at *9.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration (ECF No. 14), as supplemented by his letter (ECF No. 15), is **DENIED**. Plaintiff's remaining post-judgment motions (ECF Nos. 16, 17, 18, 19, 20, 21) are **DENIED as moot**. This Court **DEEMS PLAINTIFF A VEXATIOUS LITIGATOR**. Plaintiff is **ENJOINED** from filing further motions in this case, and from initiating new actions in this Court, except in compliance with the restrictions set forth above.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: November 9, 2026**